UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TUYET STOGNER | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-3037 |
| ALLSTATE INSURANCE COMPANY | SECTION: "C" (3) |

**ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment by Defendant Allstate Insurance Company ("Allstate"). (Rec. Doc. 11). Plaintiff Tuyet Stogner ("Stogner") opposes. (Rec. Doc. 12). The motion is before the Court on the briefs without oral argument. After reviewing the memoranda of the parties, the record in the case, and the applicable law, the Court DENIES the motion as set forth below.

**I. Background**

Allstate issued a National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP") Dwelling Form to Stogner to cover her property located at 151 Tchefuncte Drive, Covington, Louisiana. (Rec. Doc. 11-7 at 1-2).[1] *See* 44 C.F.R. Part 62, Appx. A(1). The policy was in effect on both August 29, 2005, and May 14, 2008. (Rec. Doc. 11-7 at 1). Stogner

---

[1] Allstate is a Write Your Own ("WYO") Program Carrier participating in the U.S. Government's NFIP pursuant to the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001, *et seq.*, ("NFIA").

filed claims for flood damage that occurred on both dates at the covered property. (Rec. Doc. 11-7 at 1-2).

Hurricane Katrina struck southeastern Louisiana on August 29, 2005, and damaged Stogner's property. An independent adjuster found that the property was flooded with ten inches of water and caused damage to the "flooring, base cabinetry, base boards, etc." (Rec. Doc. 11-7 at 3). Allstate paid Stogner $35,695.95 in building damages and $19,711.79 in contents damages. (Rec. Doc. 11-7 at 3).

After the May 14, 2008, flood, an independent adjuster found that the property was flooded with four inches of water, again causing damage to "flooring, base cabinetry, base boards, etc." (Rec. Doc. 11-7 at 4). However, Allstate determined that Stogner had not provided adequate documentation to support her claim that the 2005 damage had been repaired prior to the 2008 flood. (Rec. Doc. 11-5 at 3). It paid Stogner $6,171 for damages caused by the 2008 flood. (Rec. Doc. 11-7 at 4). Stogner requested a supplemental payment from Allstate, and Allstate responded that it could not proceed without additional documentation. (Rec. Doc. 11-6). The instant lawsuit resulted.

## II. Law and Analysis

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts

drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

Although a SFIP can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury." *Wright v. Allstate Ins. Co.* (*Wright I*), 415 F.3d 384, 386 (5th Cir.2005); *see Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998). Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced. *Wright I*, 415 F.3d at 387; *Gowland*, 143 F.3d at 954; *Hamide v. Omaha Prop. & Cas. Ins. Co.*, No. Civ.A. 03-1405, 2004 WL 74316, at *2 (E.D.La. Jan. 14, 2004) (Fallon, J.) ("Failure to [strictly] construe runs afoul of the Appropriations Clause of the United States Constitution."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by

3

law; in other words, the payment of money from the Treasury must be authorized by a statute.'" *Wright I*, 415 F.3d at 387 (quoting *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." *Id.* at 388 (citing *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 2226, 81 L.Ed.2d 42, 54 (1984)).

Allstate moves for summary judgment based on three main arguments: 1) that Stogner failed to timely submit a signed proof of loss; 2) that Stogner failed to document the 2008 flood loss claim; and 3) that Stogner failed to provide proof that the 2005 damages had been repaired prior to the 2008 flood. It relies on the provisions of Article VII of the SFIP to support its claims that these alleged omissions bar recovery. (Rec. Doc. 11-2 at 6).

Article VII(R) of the SFIP reads:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. Part 61, Appx. A(1). Allstate argues that Stogner did not "compl[y] with all the requirements of the policy." Specifically, Article VII(J)(3-4) and Article VII(K):

> J. Requirements in Case of Loss
> In case of a flood loss to insured property, you must: . . .
> > 3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;
> > 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

4

>>a. The date and time of loss;
>>b. A brief explanation of how the loss happened;
>>c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>>d. Details of any other insurance that may cover the loss;
>>e. Changes in title or occupancy of the covered property during the term of the policy;
>>f. Specifications of damaged buildings and detailed repair estimates;
>>g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>>h. Details about who occupied any insured building at the time of loss and for what purpose; and
>>i. The inventory of damaged personal property described in J.3. above.
> K. Our Options After a Loss
> Options we may, in our sole discretion, exercise after loss include the following: . . .
>> 2. We may request, in writing, that you furnish us with a complete inventory of the lost, damaged or destroyed property, including:
>>> e. Evidence that prior flood damage has been repaired.

*Proof of Loss*

Allstate argues that "Plaintiff did not support her current claim for further federal benefits under the SFIP by submitting a properly executed and sworn Proof of Loss." (Rec. Doc. 11-2). The case law on point is unequivocal that a Proof of Loss is required in order to recover under an SFIP. *Graham v. State Farm*, 08-4392 (E.D. La. 9/23/09), citing *Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Ins. Co.*, 543 F3d 1053, 1056 (5th Cir. 2008) (citing *Richardson v. American Bankers Ins. Co.*, 279 F. App'x. 295 (5th Cir. 2008); *Eichaker v. Fidelity Nat'l Prop. & Casualty Ins. Co.*, 2008 WL 2308959, at *3-4 (E.D. La. June 3, 2008). What is less clear is whether *additional* proofs of loss are required for supplementary claims. In a recent case in the Eastern District of Pennsylvania, Judge Surrick addressed this very question. *Sutor v. FEMA*, 2009 WL 4268457 (E.D.Pa. Nov. 23, 2009). There, plaintiffs submitted a proof of loss with their original claim, and later filed supplemental claims via informal letter. *Id.* at *1-

5

2. The court held that "there is substantial authority for the proposition that policyholders must file proofs of loss in support of all claims, including supplemental or additional claims, and that failure to do so warrants summary judgment against the policyholder." *Id.* at *4. The court also observed that "[c]ourts have routinely rejected [attempts to circumvent the proof of loss requirement], flatly holding that policyholders may not bring suit to recover an amount *not claimed in a proof of loss.*" 2009 WL 4268457 at *5 (emphasis added).

In so holding, the *Sutor* court cited to several decisions by this court and by the Fifth Circuit. 2009 WL 4268457 at *5 n.4 (citing *Wientjes v. Am. Bankers Ins. Co.*, No. 08-31212, 2009 U.S.App. LEXIS 17460, at * 1-2 (5th Cir. Aug. 5, 2009) (per curiam); *Marseilles Homeowners Condo. Ass'n v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1057 n. 2 (5th Cir.2008) (per curiam); *Robertson v. Nat'l Flood Ins. Program*, No. 09-1724, 2009 U.S. Dist. LEXIS 99950, at *2 (E.D.La. Oct. 27, 2009); *Schubert v. Chertoff*, No. 07-5075, 2009 U.S. Dist. LEXIS 75835, at *10 (E.D.La. Aug. 26, 2009)).

The same reasoning can be found in *Messa v. Omaha Property & Casualty Insurance Co.*, 122 F.Supp.2d 523 (D.N.J. 2000):

> There is no dispute that plaintiffs filed a sworn Proof of Loss in the amount of $4,804.56 on April 15, 1999 or that Plaintiffs received a check from Omaha on May 6, 1999 for that amount. There is also no dispute that no other Proof of Loss, in the amount of $71,500 or otherwise, was ever submitted by plaintiffs to Defendant Omaha. Because plaintiffs received a check from Omaha for the full amount claimed on April 15, 1999, and because plaintiffs have not submitted any other proof of loss for a claim *in excess of that amount*, there is no genuine issue of material fact as to plaintiff's complete failure to comply with the requirements of their SFIP.

*Id.* at 529 (emphasis added).

From the above discussion, it is clear that supplementary proofs of loss are required when

a claimant requests more in the supplementary claim than in the original claim. However, if the same amount is claimed, and only the decision is disputed, additional proofs of loss may not be necessary. In this case, the proof of loss at issue is not before the Court. Allstate has not argued that the original proof of loss was deficient, instead focusing on the lack of a supplementary proof of loss. Stogner does not argue that she submitted an additional proof of loss with her supplementary claim. Instead, she argues that the only dispute is the "amount tendered." (Rec. Doc. 12 at 6). The claim notes, submitted as an exhibit by Stogner, show that she was contemplating a supplemental claim even prior to the issuance of the initial payment: "The Insured is gathering all of her supporting documentation from the prior loss and said it might take some time and would like for the claim to be processed and she will call the office to have a supplement[al] claim opened when she has had time to gather all of her docs." (Rec. Doc 12-3 at 9). Further, although Stogner did submit a proof of loss, the same claim notes show that the supporting documentation for the floor repair in dispute were not submitted until several months after the proof of loss. (Rec. Doc. 12-3 at 4, 7).

Thus, it seems quite possible that additional discovery will reveal that Stogner's supplementary claim was materially different than her original claim. Such evidence could merit summary judgment in favor of Allstate. *See Sutor*, 2009 WL 4268457 at *4. At this time, however, construing the facts in favor of the non-moving party, the Court cannot make such a finding. There is a genuine issue of material fact as to whether the supplemental claim disputed only the amount tendered, or raised additional claims. If it only disputed the amount tendered, no additional proof of loss was necessary, and summary judgment would not be warranted.

*Documentation of Flood Loss Claim*

Allstate also argues that Stogner failed to adequately document her claim as required by Article VII(J)(3). This argument fails. Stogner submitted a contractor estimate that was received on August 28, 2008 (Rec. Doc. 12-3 at 4). Article VII(J)(3) requires that an insured "[p]repare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss [and] [a]ttach all bills, receipts, and related documents." The contractor's estimate would certainly appear on its face to meet the requirement of attaching all "related documents." Allstate does not elaborate further on this argument, and has not explained what documents Stogner provided to Allstate prior to filing suit or in what way they were deficient. There remain genuine issues of material fact as to the adequacy of Stogner's documentation of her loss.

*Proof of Prior Flood Damage Repairs*

Finally, Allstate argues that Stogner failed to provide documentary evidence of the Katrina-related repairs, as requested in their October 2008 letter pursuant to Article VII(K)(2)(e). (Rec. Doc. 11-2 at 12). Stogner relies on her deposition testimony that she faxed Allstate "a bunch of receipts that I had bought to fix my house after Katrina." (Rec. Doc. 12 at 7).

The Court adopts Judge Barbier's reasoning on this point in *Provenza v. State Farm Fire and Casualty Insurance Co.*, 2007 WL 1655567 (E.D.La. 2007). There, State Farm made much the same argument that Allstate makes here. Judge Barbier noted that an insurer's request for documentary evidence that prior flood damage was repaired was "a legitimate attempt to verify the reasonableness of damages claimed" but ultimately held that the premise "that a claimant who cannot provide enough documentary evidence to convince the insurer to pay the claim has violated the SFIP and is precluded from filing suit-is not supported by the regulations or

8

caselaw." *Id.* at *3. He went on to hold that:

> If a claimant has no documentation to provide, then he has attached 'all bills, receipts, and related documents.' The claimant has satisfied the SFIP documentation requirement as a technical matter, even though the complete lack of documentation will understandably give the insurer pause. When the insurer denies the claim for failure to adequately prove up prior repairs, the claimant should have the chance to present his evidence, such as it is, to a finder of fact that will determine whether the insurer correctly denied the claim."

*Id.* This reasoning applies equally in the instant litigation. A genuine issue of material fact remains as to whether Stogner repaired the 2005 damage prior to the 2008 flood, or if she is "double dipping."

Accordingly,

IT IS ORDERED that Allstate's Motion for Summary Judgment (Rec. Doc. 11) is DENIED.

New Orleans, Louisiana, this 11th day of January, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**